# EXHIBIT A

| STATE OF NORTH CAROLINA | File No.: |
|---|---|
| | Film No.: |
| Wake County | In The General Court of Justice<br>☐ District  X Superior Court Division |
| **Plaintiff Name**<br>Catherine Foley | **CIVIL SUMMONS** |
| **Address**<br>c/o Jeanne H. Washburn<br>3737 Glenwood Ave. Ste. 100 | |
| **City, State, Zip**<br>Raleigh, NC 27612 | GS 1A-1, Rules 3,4 |
| ***VERSUS*** | |
| **Defendant**<br>Republic Airline, Inc., Midwest Airlines Inc., Midwest Express Airlines Inc., Frontier Airlines, Inc. | * ☐ Alias and Pluries Summons<br>The summons originally issued against you was returned not served |
| | Date Last Summons Issued | *Disregard this section unless the block is checked |

| TO:  Republic Airline, Inc. | TO:  Midwest Airlines, Inc. |
|---|---|
| **Name & Address of First Defendant**<br>Republic Airline, Inc<br>C/o Registered Agent CSC<br>327 Hillsborough St.  Raleigh, NC 27603 | **Name & Address of Second Defendant**<br>Midwest Airlines, Inc.<br>C/o registered agent CSC<br>327 Hillsborough St.  Raleigh, NC 27603 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to him or by mailing to him at his last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the Court for the relief demanded in the Complaint.

| Name and Address of Plaintiff's Attorney<br>If none, Address of Plaintiff<br>Jeanne H. Washburn<br>Law Offices of Jeanne H. Washburn<br>3737 Glenwood Ave. Ste. 100<br>Raleigh, NC  27612<br>Ph.:  919/821-7555 | Date Issued  6/20/13 | Time Issued  12  ☐ AM ☒ PM |
|---|---|---|
| | Signature | |
| | ☒ Deputy CSC | ☐ Assistant CSC  ☐ Clerk of Superior Court |

| ☐ ENDORSEMENT<br>This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days. | | |
|---|---|---|
| | Date of Endorsement | Time  ☐ AM  ☐ PM |
| | Signature | |
| | ☐ Deputy CSC | ☐ Assistant CSC  ☐ Clerk of Superior Court |

EXHIBIT A

## RETURN OF SERVICE
I certify that this summons and a copy of the complaint were received and served as follows:

### Defendant 1.

| Date Served | Name of defendant |
|---|---|
|  |  |

☐    By delivering to the defendant named above a copy of the summons and complaint.

☐    By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant maned above with a person of suitable age and discretion then residing therein.

☐    As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name and address of person with whom copies left (if corporation give title of person copies left with)*

☐    *Other manner of service (specify)*

☐    *Defendant WAS NOT served for the following reason.*

### Defendant 2.

| Date Served | Name of defendant |
|---|---|
|  |  |

☐    By delivering to the defendant named above a copy of the summons and complaint.

☐    By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant maned above with a person of suitable age and discretion then residing therein.

☐    As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name and address of person with whom copies left (if corporation give title of person copies left with)*

☐    *Other manner of service (specify)*

☐    *Defendant WAS NOT served for the following reason.*

| Service Fee Paid $ | Date Received | Name of Sheriff |
|---|---|---|
| By | Date of Return | County |
|  |  | Deputy Sheriff Making Return |

| STATE OF NORTH CAROLINA | File No.: 13CV008528 |
|---|---|
| | Film No.: |
| Wake County | In The General Court of Justice<br>☐ District  X Superior Court Division |

| Plaintiff Name<br>**Catherine Foley** | **CIVIL SUMMONS** |
|---|---|
| Address<br>c/o Jeanne H. Washburn<br>3737 Glenwood Ave. Ste. 100 | |
| City, State, Zip<br>Raleigh, NC 27612 | GS 1A-1, Rules 3,4 |

### *VERSUS*

| Defendant<br>Republic Airline, Inc., Midwest Airlines Inc., Midwest Express Airlines Inc., Frontier Airlines, Inc. | * ☐ Alias and Pluries Summons<br>The summons originally issued against you was returned not served |
|---|---|
| | Date Last Summons Issued \| *Disregard this section unless the block is checked |

| TO: Midwest Express Airlines, Inc. | TO: Frontier Airlines, Inc. |
|---|---|
| Name & Address of First Defendant<br>Midwest Express Airlines, Inc.<br>C/o Registered Agent CSC<br>327 Hillsborough St. Raleigh, NC 27603 | Name & Address of Second Defendant<br>Frontier Airlines Inc.<br>C/o registered agent Corporations Service Company<br>1500 Broadway, te. 2090<br>Denver, CO 90202 |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to him or by mailing to him at his last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the Court for the relief demanded in the Complaint.

| Name and Address of Plaintiff's Attorney<br>If none, Address of Plaintiff<br>Jeanne H. Washburn<br>Law Offices of Jeanne H. Washburn<br>3737 Glenwood Ave. Ste. 100<br>Raleigh, NC 27612<br>Ph.: 919/821-7555 | Date Issued 6/20/13 | Time Issued 12 ☐ AM ☒ PM |
|---|---|---|
| | Signature CPR | |
| | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk of Superior Court | |

☐ **ENDORSEMENT**
This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

| Date of Endorsement | Time ☐ AM ☐ PM |
|---|---|
| Signature | |
| ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk of Superior Court | |

# RETURN OF SERVICE
I certify that this summons and a copy of the complaint were received and served as follows:

## Defendant 1.

| Date Served | Name of defendant |
|---|---|
|  |  |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant maned above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name and address of person with whom copies left (if corporation give title of person copies left with)*

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

## Defendant 2.

| Date Served | Name of defendant |
|---|---|
|  |  |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant maned above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name and address of person with whom copies left (if corporation give title of person copies left with)*

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Date Received | Name of Sheriff |
|---|---|---|
| By | Date of Return | County |
|  |  | Deputy Sheriff Making Return |

```
FILED
NORTH CAROLINA    2013 JUN 20  PM 12: 27         IN THE GENERAL COURT OF JUSTICE
WAKE COUNTY                                         SUPERIOR COURT DIVISION
                  WAKE COUNTY, C.S.C.
```

| | |
|---|---|
| CATHERINE FOLEY,<br>    BY _____<br>                      Plaintiff,<br><br>    v.<br><br>REPUBLIC AIRLINE, INC.<br>MIDWEST AIRLINES INC.<br>MIDWEST EXPRESS AIRLINES INC.<br>FRONTIER AIRLINES INC.,<br>                      Defendants. | **COMPLAINT**<br>**(COMP)**<br><br>Served with Interrogatories and Requests<br>for Production of Documents |

NOW COMES the plaintiff, CATHERINE FOLEY, complaining of the acts of the defendants alleges and states that:

1.    The plaintiff is a citizen and residence of Wake County, North Carolina and has been so for all times relevant to the instant action.

2.    Upon information and belief, the defendant, Republic Airline Inc. is a corporation organized and existing under the laws of the state of Indiana but doing business in North Carolina with a registered agent in North Carolina. Upon information and belief, this defendant owned and operated a commercial airline. Specifically, upon information and belief, this defendant owned and operated the aircraft which is the subject of the instant action.

3.    Upon information and belief, at all times relevant to the instant action, Midwest Airlines Inc. was a corporation organized and existing under the laws of the state of Indiana but doing business in North Carolina and with a registered agent in North Carolina. Upon information and belief, this defendant operated a commercial airline and was a wholly owned subsidiary of defendant Republic Airline Inc. at all times relevant to the instant action. Upon information and belief, this defendant operated the aircraft that is the subject of the instant action.

4.    Upon information and belief, at all times relevant to the instant action, Midwest Express Airlines, Inc. was a corporation organized and existing under the laws of the state of Indiana and with a registered agent in North Carolina. Upon information and belief, this defendant operated a commercial airline and was a wholly owned subsidiary of defendant Republic Airline Inc. at all

times relevant to the instant action. Upon information and belief, this defendant operated the aircraft which is the subject of the instant action.

5. Upon information and belief, Frontier Airlines Inc. was and is a corporation organized and existing under the laws of the state of Colorado. Upon information and belief, this defendant merged with and subsumed Defendants Midwest Airlines, Inc. and Midwest Express Airlines, Inc. Upon information and belief, at all times relevant to the instant action, this defendant operated a commercial airline and was and is a wholly owned subsidiary of defendant Republic Airline Inc. Upon information and belief, this defendant operated the aircraft which is the subject of the instant action.

6. These defendants are collectively referred to as "Defendants" hereinafter unless specified otherwise.

7. At all times relevant to the instant action, the defendants were and/or are in the commercial airline business. Upon information and belief, the defendants worked together in a concerted fashion to provide commercial airline travel to the general public and to the plaintiff, in particular.

8. On or about June 21, 2010, defendant Republic Airline Inc. owned and/or operated an airplane, registration number N170HQ serial number 19000191. Alternatively, on or about June 21, 2010, the airplane that is subject to the instant complaint was operated by Midwest Airline, Inc., Midwest Express Airlines, Inc. and/or Frontier Airlines, Inc. Upon information and belief, this airplane was used to transport passengers from Milwaukee, Wisconsin to Kansas City, Missouri.

9. On or about June 21, 2010, the plaintiff purchased a ticket purportedly from Midwest Express Airlines, but in any event, one of the defendants, and traveled in an airline owned and/or operated by the defendants from Raleigh Durham Airport in Wake County, North Carolina and traveled to Kansas City Airport in Kansas City, Missouri. The plaintiff traveled on a ticket indicating it was issued by defendant Midwest Express - Flight Number 1641 to Wisconsin and then on a ticket indicating that it was issued by Midwest Express - Flight 1903 from Wisconsin to Kansas City, Missouri.

10. On descent into the Kansas City airport, the defendants' airplane began to experience problems. Smoke and fumes entered the cabin.

11. The pilot and/or the flight attendants, who were agents and employees of the defendants, informed the passengers that they were going to make an emergency landing, away from the terminal.

12. The crew had a duty to secure the aircraft and remove the passengers safely. The crew breached that duty when, after landing the aircraft uneventfully, they attempted to diagnose the problem with the passengers on board. After inspecting for a heat source and after the smoke dissipated, they proceeded with the passengers aboard to spool up the engine and attempt to taxi.

13. As the plane was coming to a stop on the taxiway, the plaintiff was aware from looking out of the window that fire trucks and other emergency vehicles were on the taxiway.

14. The defendants' agents and employees instructed the passengers to use both slides and the wing emergency exits.

15. The plaintiff left the cabin of the plane and went out onto the wing per the instructions of the defendants' personnel. On the wing of the plane, plaintiff found herself with one other passenger but with no agent or employee of the defendants and with no emergency personnel in the immediate vicinity. She watched one other passenger jump from the wing onto the ground. Seeing no other means of getting away from the plane that she thought might be catching fire, she also jumped from the wing to the ground.

16. Immediately, she felt pain in her left side of her body and specifically in her left leg and her low back.

17. Plaintiff has sustained personal injuries and damages, incurred medical bills, incurred lost wages, and sustained permanent injuries.

18. Upon information and belief, the defendants, through their agents and employees allowed coffee grounds to be spilled into the air circulatory system.

19. Upon information and belief, the agents and employees of the defendants did not use reasonable care in the handling of the coffee grounds but rather negligently allowed them to be introduced into the air circulatory system causing the acrid smell and the emergency evacuation.

20. Upon information and belief, the coffee grounds in the air circulatory system were the sole cause of the acrid smell and therefore of the emergency evacuation.

21. Upon information and belief, the coffee grounds in the air circulatory system did not in fact constitute an emergency that would warrant an emergency evacuation.

22. Upon information and belief, the agents and employees of the defendants failed to follow their own internal protocols and procedures and in any event failed to use reasonable care in that they:

   a. Failed to use reasonable care in handing coffee grounds;

   b. Failed to properly assess the source of the odor and fumes;

   c. Failed to properly understand and evaluate the risk associated with the fumes and odor in the cabin;

   d. Failed to use reasonable care and follow proper protocols in disembarking the passengers under the circumstances then existing;

   e. Failed to properly instruct the passengers regarding disembarking;

   f. Failed to properly provide the passengers the safest reasonable manner of disembarking;

   g. And such other ways as may be proven at trial.

23. The defendants' negligence was the proximate cause of the plaintiff's injuries and damages.

WHEREFORE, the plaintiff prays as follows:

1. For a trial by jury on all issues so triable;

2. For an amount in excess of $10,000 for personal injuries, damages, medical bills, lost wages, and permanent disability;

3. That the costs of this action be taxed against the defendants;

JHW\2.Revised.Complaint.wpd

4. Such other and further relief as this Court deems just and proper.

This the 20 day of June, 2013.

**LAW OFFICES OF JEANNE H. WASHBURN**

By: _Jeanne H. Washburn_
JEANNE H. WASHBURN
N.C. Bar No.: 21092
Attorneys for Plaintiff
3737 Glenwood Avenue, Suite 100
Raleigh, North Carolina 27612
Telephone: (919) 821-7555
Facsimile: (919) 573-1993
Email: jwshbrn@aol.com

**LAW OFFICES OF GREGORY SEIBERT**

By: _Gregory Seibert_ by JHW
GREGORY SEIBERT
N.C. Bar No.: 13694
Attorneys for Plaintiff
117 Glenwood Avenue,
Raleigh, North Carolina 27612
Telephone: (919) 546-0606
Facsimile: (919) 546-0040
Email: Seibert@seibert.com