IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-00534-F

| CATHERINE FOLEY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |
| REPUBLIC AIRLINE, INC., MIDWEST AIRLINES INC., MIDWEST EXPRESS AIRLINES, INC., and FRONTIER AIRLINES, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, defendant Frontier Airlines, Inc. ("Frontier"), through undersigned counsel, and for its answer to the Complaint filed herein by plaintiff Catherine Foley, states as follows:

1. Frontier is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1, and, therefore, denies such allegations.

2. Frontier admits that Republic Airline, Inc. ("Republic") is an Indiana corporation, conducts business in North Carolina with a registered agent in North Carolina, operates as a commercial airline under 14 C.F.R. §121 and owned the aircraft which is the subject of the instant action. Frontier denies the remaining allegations in Paragraph 2.

3. Frontier denies the allegations in Paragraph 3.

4. Frontier denies the allegations in Paragraph 4.

5. Frontier admits that it is a Colorado corporation that merged with Midwest Airlines, Inc. Frontier admits that it operates a commercial airline under 14 C.F.R. §121 and

1

operated the aircraft which is the subject of the instant action. Frontier denies the remaining allegations in Paragraph 5.

6. Frontier admits that plaintiff collectively refers in the Complaint to Republic, Frontier, Midwest Airlines, Inc. and Midwest Express Airlines, Inc. as "Defendants."

7. Frontier admits that Republic and Frontier operate as commercial airlines under 14 C.F.R. §121. Frontier denies the remaining allegations in Paragraph 7.

8. Frontier admits that on June 21, 2010, Republic owned an Embraer 190, registration N170HQ, serial number 19000191. Frontier also admits that the subject flight was operated by it from Milwaukee, Wisconsin to Kansas City, Missouri. Frontier denies the remaining allegations in Paragraph 8.

9. Frontier admits that plaintiff was a passenger on Midwest Airlines Flight 1641 traveling from Raleigh Durham International Airport, Wake County, North Carolina to Milwaukee, Wisconsin. Frontier also admits that plaintiff was a passenger on Midwest Airlines Flight 1903 traveling from Milwaukee, Wisconsin to Kansas City, Missouri. Additionally, Frontier admits that the flight at issue was operated by it and that the aircraft at issue was owned by Republic. Frontier denies the remaining allegations in Paragraph 9.

10. Frontier admits that upon descent into Kansas City International Airport, smoke and fumes entered the cabin of the subject aircraft. Frontier denies the remaining allegations in Paragraph 10.

11. Frontier admits that passengers were notified of an emergency evacuation following the subject flight landing at Kansas City International Airport. Frontier also admits that it employed the flight crew. Frontier denies the remaining allegations in Paragraph 11.

12. Frontier denies the allegations in Paragraph 12.

13. Frontier is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13, and, therefore, denies such allegations.

14. Frontier admits that passengers were notified of an emergency evacuation. Except as admitted, Frontier denies the allegations in Paragraph 14.

15. Frontier is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, and, therefore, denies such allegations.

16. Frontier is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and, therefore, denies such allegations.

17. Frontier is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and, therefore, denies such allegations.

18. Frontier denies the allegations in Paragraph 18.

19. Frontier denies the allegations in Paragraph 19.

20. Frontier denies the allegations in Paragraph 20.

21. Frontier denies the allegations in Paragraph 21.

22. Frontier denies the allegations in Paragraph 22, including the allegations in subparagraphs (a) through (g).

23. Frontier denies the allegations in Paragraph 23.

The remainder of plaintiff's Complaint constitutes a prayer for relief to which no response is required. To the extent a response is required, Frontier denies any liability.

## AFFIRMATIVE DEFENSES

In further response to plaintiff's Complaint, Frontier hereby raises, asserts, and preserves the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were due, in whole or in part, to her own contributory negligence and/or assumption of the risk, which negligence and/or assumption of the risk is pled as a bar or reducing factor to any recovery from Frontier in this action.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's injuries were caused in whole or in part by the fault and/or negligence of others over whom Frontier had no control or responsibility, and such fault of others was the sole and exclusive cause of plaintiff's damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were caused by an unavoidable accident or act of God for which Frontier is not liable.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were proximately caused by the acts or omissions of other persons and entities over whom Frontier had no control or right of control, and said acts or omissions constituted an intervening, superseding cause, barring recovery from Frontier.

**SIXTH AFFIRMATIVE DEFENSE**

Frontier took all reasonable and proper measures to avoid the injuries alleged in plaintiff's Complaint, and the injuries and damages alleged in plaintiff's Complaint were not proximately caused by any act or omission by Frontier.

### SEVENTH AFFIRMATIVE DEFENSE

Frontier complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part and/or preempted by federal law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed on the ground that plaintiff has failed to join necessary and indispensable parties.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, may be barred and/or limited under applicable law due to her failure to mitigate her damages.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the applicable tariffs and carriage of contract between plaintiff and one or more of the defendants.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, may be barred and/or limited under applicable law.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff may be deemed entitled to collect any damages from Frontier, which is denied, Frontier is entitled to an offset in the amount of any amounts previously paid to or on behalf of the plaintiff as a result of her alleged injuries.

### RESERVATION OF FURTHER DEFENSES

Frontier reserves its right to assert any and all additional defenses as may be revealed by further investigation and discovery.

WHEREFORE, Frontier respectfully prays as follows:

1) That judgment be entered against plaintiff and in favor of Frontier and that plaintiff's Complaint against Frontier be dismissed with prejudice;

2) That Plaintiff recover nothing from Frontier;

3) That the costs of this action, including Frontier's reasonable attorneys' fees, be taxed against plaintiff; and

4) That Frontier be awarded such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Frontier hereby demands trial by jury as to all issues herein so triable as of right.

This the 19th day of August, 2013.

/s/ Robert J. Morris
Robert J. Morris
N.C. State Bar No. 15981
jmorris@smithlaw.com
SMITH ANDERSON BLOUNT DORSETT
MITCHELL & JERNIGAN, LLP
2300 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 821-1220
Facsimile: (919) 821-6800

Attorneys for Frontier Airlines, Inc.

OF COUNSEL:

Brian T. Maye
bmaye@amm-law.com
ADLER MURPHY & MCQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
Facsimile: (312) 345-9860

## CERTIFICATE OF SERVICE

  I hereby certify that on August 19, 2013, I electronically filed the foregoing Defendant Frontier Airlines, Inc.'s Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF System, which will send notification to the attorneys of record for Catherine Foley as follows:

    Jeanne H. Washburn   jwshbrn@aol.com

            /s/ Robert J. Morris
            Robert J. Morris
            N.C. State Bar No. 15981
            jmorris@smithlaw.com
            SMITH ANDERSON BLOUNT DORSETT
            MITCHELL & JERNIGAN, LLP
            2300 Wells Fargo Capitol Center
            150 Fayetteville Street
            Raleigh, North Carolina 27601
            Telephone: (919) 821-1220
            Facsimile: (919) 821-6800

8

Case 5:13-cv-00534-F   Document 9   Filed 08/19/13   Page 8 of 8