IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-00534-F

| | | |
|---|---|---|
| CATHERINE FOLEY, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT REPUBLIC AIRLINE,** |
| | ) | **INC.'S ANSWER AND AFFIRMATIVE** |
| REPUBLIC AIRLINE, INC., | ) | **DEFENSES** |
| MIDWEST AIRLINES INC., | ) | |
| MIDWEST EXPRESS AIRLINES, INC., | ) | |
| and FRONTIER AIRLINES, INC., | ) | |
| | ) | |
|    Defendants. | ) | |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, defendant Republic Airline, Inc. ("Republic"), through undersigned counsel, and for its answer to the Complaint filed herein by plaintiff Catherine Foley, states as follows:

1. Republic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1, and, therefore, denies such allegations.

2. Republic admits that it is an Indiana corporation, conducts business in North Carolina with a registered agent in North Carolina, operates as a commercial airline under 14 C.F.R. §121, and owned the aircraft which is the subject of the instant action. Republic denies the remaining allegations in Paragraph 2.

3. Republic denies the allegations in Paragraph 3.

4. Republic denies the allegations in Paragraph 4.

5. Republic admits that Frontier Airlines, Inc. ("Frontier") is a Colorado corporation that merged with Midwest Airlines, Inc. Republic admits that Frontier operates a commercial

1

airline under 14 C.F.R. §121 and operated the aircraft which is the subject of the instant action. Republic denies the remaining allegations in Paragraph 5.

6.     Republic admits that plaintiff collectively refers in the Complaint to Republic, Frontier, Midwest Airlines, Inc. and Midwest Express Airlines, Inc. as "Defendants."

7.     Republic admits that Republic and Frontier operate as commercial airlines under 14 C.F.R. §121. Republic denies the remaining allegations in Paragraph 7.

8.     Republic admits that on June 21, 2010, it owned an Embraer 190, registration N170HQ, serial number 19000191. Republic also admits that the subject flight was operated by Frontier from Milwaukee, Wisconsin to Kansas City, Missouri. Republic denies the remaining allegations in Paragraph 8.

9.     Republic admits that the flight at issue in this action was operated by Frontier and that the aircraft at issue was owned by Republic. Republic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 concerning plaintiff's flight arrangements and, therefore, denies such allegations. Republic denies the remaining allegations in Paragraph 9.

10.    Republic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and, therefore, denies such allegations.

11.    Republic denies the allegation that the flight crew were its employees or agents. Rather, Republic admits that the flight crew was employed by Frontier. Republic is without information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11 and, therefore, denies such allegations.

12. Republic denies the allegations in the first and second sentences in Paragraph 12. Republic is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12 and, therefore, denies such allegations.

13. Republic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13, and, therefore, denies such allegations.

14. Republic denies the allegations in Paragraph 14.

15. Republic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, and, therefore, denies such allegations.

16. Republic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and, therefore, denies such allegations.

17. Republic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and, therefore, denies such allegations.

18. Republic denies the allegations in Paragraph 18.

19. Republic denies the allegations in Paragraph 19.

20. Republic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, and, therefore, denies such allegations.

21. Republic is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, and therefore, denies such allegations.

22. Republic denies the allegations in Paragraph 22, including the allegations in subparagraphs (a) through (g).

23. Republic denies the allegations in Paragraph 23.

The remainder of plaintiff's Complaint constitutes a prayer for relief to which no response is required. To the extent a response is required, Republic denies any liability.

## AFFIRMATIVE DEFENSES

In further response to plaintiff's Complaint, Republic hereby raises, asserts, and preserves the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were due, in whole or in part, to her own contributory negligence and/or assumption of the risk, which negligence and/or assumption of the risk is pled as a bar or reducing factor to any recovery from Republic in this action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused in whole or in part by the fault and/or negligence of others over whom Republic had no control or responsibility, and such fault of others was the sole and exclusive cause of plaintiff's damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by an unavoidable accident or act of God for which Republic is not liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were proximately caused by the acts or omissions of other persons and entities over whom Republic had no control or right of control, and said acts or omissions constituted an intervening, superseding cause, barring recovery from Republic.

## SIXTH AFFIRMATIVE DEFENSE

Republic took all reasonable and proper measures to avoid the injuries alleged in plaintiff's Complaint, and the injuries and damages alleged in plaintiff's Complaint were not proximately caused by any act or omission by Republic.

**SEVENTH AFFIRMATIVE DEFENSE**

Republic complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred in whole or in part and/or preempted by federal law.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint should be dismissed on the ground that plaintiff has failed to join necessary and indispensable parties.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, may be barred and/or limited under applicable law due to her failure to mitigate her damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred and/or limited by the applicable tariffs and carriage of contract between plaintiff and one or more of the defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, may be barred and/or limited under applicable law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent plaintiff may be deemed entitled to collect any damages from Republic, which is denied, Republic is entitled to an offset in the amount of any amounts previously paid to or on behalf of the plaintiff as a result of her alleged injuries.

**RESERVATION OF FURTHER DEFENSES**

Republic reserves its right to assert any and all additional defenses as may be revealed by further investigation and discovery.

WHEREFORE, Republic respectfully prays as follows:

1) That judgment be entered against plaintiff and in favor of Republic and that plaintiff's Complaint against Republic be dismissed with prejudice;

2) That Plaintiff recover nothing from Republic;

3) That the costs of this action, including Republic's reasonable attorneys' fees, be taxed against plaintiff; and

4) That Republic be awarded such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Republic hereby demands trial by jury as to all issues herein so triable as of right.

This the 19th day of August, 2013.

/s/ Robert J. Morris
Robert J. Morris
N.C. State Bar No. 15981
jmorris@smithlaw.com
SMITH ANDERSON BLOUNT DORSETT
MITCHELL & JERNIGAN, LLP
2300 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, North Carolina 27601
Telephone: (919) 821-1220
Facsimile: (919) 821-6800

Attorneys for Republic Airline Inc.

OF COUNSEL:

Brian T. Maye
bmaye@amm-law.com
ADLER MURPHY & MCQUILLEN LLP
20 S. Clark Street, Suite 2500
Chicago, Illinois 60603
Telephone: (312) 345-0700
Facsimile: (312) 345-9860

## CERTIFICATE OF SERVICE

      I hereby certify that on August 19, 2013, I electronically filed the foregoing Defendant Republic Airline, Inc.'s Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF System, which will send notification to the attorneys of record for Catherine Foley as follows:

      Jeanne H. Washburn      jwshbrn@aol.com

      /s/ Robert J. Morris
      Robert J. Morris
      N.C. State Bar No. 15981
      jmorris@smithlaw.com
      SMITH ANDERSON BLOUNT DORSETT
      MITCHELL & JERNIGAN, LLP
      2300 Wells Fargo Capitol Center
      150 Fayetteville Street
      Raleigh, North Carolina 27601
      Telephone: (919) 821-1220
      Facsimile: (919) 821-6800

9

Case 5:13-cv-00534-F   Document 10   Filed 08/19/13   Page 9 of 9