IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-534-F

| | |
|---|---|
| CATHERINE FOLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **SCHEDULING ORDER** |
| ) | |
| REPUBLIC AIRLINE, INC.; MIDWEST ) | |
| AIRLINES, INC.; MIDWEST EXPRESS ) | |
| AIRLINES, INC.; and FRONTIER ) | |
| AIRLINES, INC., ) | |
| ) | |
| Defendants. ) | |

The court has considered the Discovery Plan (D.E. 15) filed 8 October 2013 and annexed hereto. The Discovery Plan is APPROVED, subject to the changes reflected herein, which include the adjustment of dates to avoid weekends and holidays.

Critical deadlines are as follows:

1. All discovery shall be completed by 30 July 2014.

2. Reports from retained experts are due from plaintiff by 31 March 2014 and from defendants by 30 May 2014. Rebuttal expert reports, if any, are due by 30 June 2014.

3. Any potentially dispositive motions shall be filed by 30 July 2014.

4. This action will be calendared for trial before Senior U.S. District Judge James C. Fox at his 1 December 2014 civil term in Wilmington, North Carolina. A trial calendar indicating the order in which cases will be called for trial at that term will be distributed two months beforehand. At the same time, a final pretrial conference will be scheduled approximately two weeks before the trial.

The remaining portions of the Discovery Plan not modified herein are ADOPTED as the court's Order.

Supplementation under Fed. R. Civ. P. Rule 26(e) must be made promptly after receipt of the information by the supplementing party. In addition, motions to join additional parties and to amend pleadings must be made promptly, but in no event later than 7 February 2014 by plaintiff and 7 March 2014 by defendants. Nothing in this Order shall relieve any party of any requirement to obtain court approval prior to joining a party or amending its pleadings. Any motion to amend filed after the deadlines set in this Order must meet the standards of Fed. R. Civ. P. 15 and 16.

Counsel are cautioned not to be dilatory in pursuing discovery. Motions for extension of discovery deadlines are not favored if they would require a continuance of the trial.

Any party that makes an appearance after this Order has been entered shall be required to confer with opposing counsel and make disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 21 days after the party's appearance. Such party shall be bound by the terms of this Order unless the party moves for and obtains amendment of this Order by the court.

This case is subject to mandatory mediation, pursuant to Local Civil Rule 101.1a(b), E.D.N.C. If the parties are able to agree on a mediator, they shall file a statement identifying the selected mediator and meeting the other applicable requirements within 21 days after entry of this Order, in accordance with Local Civil Rule 101.1c(a). If a statement is not timely filed, the Clerk will appoint a mediator from the list of court-certified mediators, in accordance with Local Civil Rule 101.1c(b).

SO ORDERED, this the 10 day of October 2013.

James E. Gates
United States Magistrate Judge

CATHERINE FOLEY )
)
Plaintiff, )
)
v. )
) **DISCOVERY PLAN**
REPUBLIC AIRLINE, INC.; MIDWEST )
AIRLINES, INC.; MIDWEST EXPRESS )
AIRLINES, INC.; and FRONTIER AIRLINES, )
INC. )
)
Defendants. )

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on September 17, 2013 by way of telephone conference and was attended by:

Jeanne H. Washburn and Gregory Seibert for plaintiff.

Brian Maye for defendants.

2. **Pre-Discovery Disclosures.** The parties will exchange information required by Fed. R. Civ. P. 26 (a)(1) by October 31, 2013.

3. **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects:

    a. Causes of the emergency evacuation outlined in plaintiff's complaint.

    b. Details of the evacuation itself.

    c. Defendants' general evacuation policies and procedures.

    d. Actions taken by Plaintiff during the evacuation.

    e. Any NTSB Policy and Procedure governing evacuations.

    f. Any and all investigations into either the cause of the fumes in the cockpit or the evacuation.

1

g. Details of physical and mental injuries allegedly sustained by Plaintiff as a result of the subject incident.

h. The details of medical treatment received by Plaintiff related to the subject incident.

i. Details of damages allegedly suffered by Plaintiff as a result of the subject incident.

4. Disclosure or discovery of electronically stored information shall be handled as follows: Production of a hard copy or PDF files.

5. The parties have agreed to an order regarding claims of privilege or of protection as trial preparation on material asserted after production, as follows:

A privilege log containing the title of the document, the number of pages, the date of creation and the specific basis of privilege claimed.

6. All discovery commenced in time to be completed by **July 30, 2014.**

7. Maximum of **25** interrogatories by each party to any other party. Responses due 30 days after service.

8. Maximum of **25** requests for admissions by each party to any other party. Responses due 30 after service.

9. Maximum of **10** depositions by plaintiff(s) and **10** by defendant(s).

Each deposition will be limited to maximum of 7 hours unless extended by agreement of parties.

10. Reports from retained experts under Rule 26(a)(2) due: from plaintiff by **March 30, 2014**; from defendant(s) by **May 30, 2014**; supplementations under Rule 26(e) will be **June 30, 2014.**

11. **Other Items.**

The parties do not request a conference with the court before the entry of the scheduling order.

The parties request a pretrial conference in **August 2014.**

2

Plaintiff shall be allowed **120 days** from the date of this order to join additional parties and / or amend the pleadings.

Defendant(s) shall be allowed **150 days** from the date of this order to join additional parties and /or to amend the pleadings.

All potential dispositive motions shall be filed by **July 30, 2014.**

Settlement is likely and it may be enhanced by the use of mediation.

Final lists of witnesses and exhibits under Rule 26(a)(3) shall be due from plaintiff by **August 30, 2014** and from defendants by **August 30, 2014.**

Parties shall have **15 days** after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for trial by October 2014 and be approximately 4 days.

Other matters. _____

Date:_____

/s/ Jeanne H. Washburn
JEANNE H. WASHBURN
*Attorney for Plaintiff*
Law Office of Jeanne H. Washburn
3737 Glenwood Ave., Suite 100
Raleigh, NC 27612
919-821-7555 (phone)
919-573-1893 (facsimile)
Jeanne.H.Washburn@gmail.com

/s/ Brian T. Maye
BRIAN T. MAYE
*Attorney for Defendants*
Adler Murphy & McQuillen LLP
20 South Clarke St., Suite 2500
Chicago, IL 60603
312-422-5713 (phone)
312-345-9860 (facsimile)
bmaye@amm-law.com

/s/ Brian T. Maye
GREGORY L. SIEBERT
*Attorney for Plaintiff*
The Law Offices of Gregory L. Siebert
117 Glenwood Ave.
Raleigh, NC 27603
919-546-0606 (phone)
919-546-0040 (facsimile)
Siebert@siebert.com

3