UNITED STATES ~~BANKRUPTCY~~ **DISTRICT** COURT
EASTERN DISTRICT OF NORTH CAROLINA
**Western** DIVISION

~~IN RE~~:

Catherine Foley,

          Plaintiff,

v.

Republic Airline, Inc., et al.

          Defendant.

CASE NUMBER: 5:13-CV-534-F
~~CHAPTER~~ ____

~~AP No.~~ ____

~~MEMORANDUM OF~~
MEDIATED SETTLEMENT AGREEMENT

_The above-named parties_ stipulate and agree that at the Mediated Settlement Conference held on the **19th** day of **March**, 20**14** an agreement was reached. The terms of this agreement are:

1. ~~Defendant~~ **Republic Airline** agrees to pay _Plaintiff_ the sum of $75,000.00 within ~~seven (7) days~~ **forty-five** from the date _a release is executed by Plaintiff._

2. Other: _Each of the parties hereto shall bear ~~attorney~~ their own attorney fees/costs and pro rata share of the costs of this mediated settlement conference. The parties hereto agree to keep the terms of this settlement confidential. Defendant's attorney agrees to withdraw the subpoena and medical requests._ ;

3. _Plaintiff agrees to execute_ a general release of liability;

4. _Plaintiff_ will dismiss with prejudice **his/her** claims against _Defendants_ ; and

5. The Parties and/or their respective attorneys agree and consent to the Court entering and enforcing an Order based upon the terms and conditions contained in this Agreement.

This the **19th** day of **March**, 20**14**.

Plaintiff: _/s/ Catherine Foley_

_/s/ Lanny Wason_
Attorney for Plaintiff

Defendants: _/s/ Brian T. Maye_

_/s/_
Attorney for Defendants

# FULL RELEASE AND SETTLEMENT AGREEMENT

FOR AND IN CONSIDERATION OF the payments and mutual covenants set forth herein, CATHERINE FOLEY, personally and for her next of kin, heirs, successors, agents, representatives and assigns thereof, (the "Releasors"), to the fullest extent allowed by law, expressly intend to release, and by execution of this Full Release and Settlement Agreement, do hereby release and forever discharge FRONTIER AIRLINES, INC., REPUBLIC AIRLINE, INC., REPUBLIC AIRWAY HOLDINGS, INC., ALLIANZ GLOBAL CORPORATE AND SPECIALTY, ALLIANZ GLOBAL RISKS US INSURANCE COMPANY and ALLIANZ AVIATION MANAGERS, LLC, each and every respective co-insurer, and any and all other entities related to, or otherwise affiliated or associated with the below-described incident, and all of their affiliates and all of their predecessor, successor, parent and subsidiary corporations, and all of their owners, officers, directors, employees, agents, attorneys, insurers and representatives, and all of the heirs, successors and assigns of any of them (the "Released Parties"), of and from any and all liabilities, claims, demands, actions or causes of action which the Releasors may have had or claimed to have had, may now have or claim to have, or may hereafter have or claim to have, known or unknown, including but not limited to physical injuries, mental injuries, disability, property losses, loss of profits, loss of income, loss of earning potential, loss of the value of any business, punitive damages, or other losses or expenses which the Releasors may have sustained or may hereafter sustain arising out of, resulting from, or in any way related to alleged injuries and/or damages claimed by Releasors in relation to Midwest Airlines flight 1903 from Milwaukee, Wisconsin to Kansas City, Missouri, on or about June 21, 2010 and/or the matters described, set forth, and/or otherwise referenced in the lawsuit captioned *Catherine Foley v. Republic Airline, Inc., et al.*, Case No. 13-CV-00534-F, pending in United States District Court for the Eastern District of North Carolina (the "Incident" or "Litigation").

FOR AND IN CONSIDERATION OF the compromise and full settlement of these various claims, contentions and disputes between and among the parties herein, related directly or indirectly to the Litigation, and the full release of all said claims by the Releasors, the Released Parties agree to pay SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS in the form of a check payable to CATHERINE FOLEY and her attorney Jeanne H. Washburn, within 45 days of the execution and receipt of this Full Release and Settlement Agreement.

The Releasors acknowledge, warrant, and agree to satisfy all liens, reimbursement right, subrogation interest or claims, including any automatic liens or obligations created by federal and/or state law, of medical assistance, Medicare, Medicaid, child support, income tax, and any doctor, hospital, insurance carrier, non-profit hospital and medical service organization, state or governmental agency, attorney or any other person, firm or corporation, which have been made or may be made in the future against the payments described in the Full Release and Settlement Agreement; and the Releasors further agree to hold the Released Parties harmless, and to defend and indemnify the Released Parties against any suits, claims, cross-claims, judgments, costs or expenses of any kind, including attorney's fees, arising from assertion of any such liens, reimbursement right, subrogation interest or claim.

HOLD HARMLESS AGREEMENTS. The Releasors further agree to hold the Released Parties harmless from, and to defend and indemnify the Released Parties against, any *and all* now

pending or subsequently initiated or asserted suits, claims, judgments, liens, costs or expenses of any kind, including attorneys' fees, including, but not limited to, contribution, and/or indemnification by any other person or organization (or for subrogation by an insurer of such person or organization) on account of judgment, assertion or settlement of any claim asserted by or on behalf of the Releasors as a result of the injuries or damages allegedly sustained by the Releasors and arising out of the Incident. Releasors agree that all liens and debts have been or will be satisfied from the proceeds of this settlement.

IN FURTHER CONSIDERATION OF the payments and mutual covenants set forth in this Full Release and Settlement Agreement, the parties agree as follows:

A. The parties acknowledge that this settlement has been agreed to solely for the purpose of compromising disputed claims, and any payments made pursuant to this settlement are not to be construed as an admission of liability.

B. Releasors understand and agree that the payments specifically identified and set forth herein are the entire and only consideration for this Full Release and Settlement Agreement, and it is intended by Releasors and the Released Parties, and each of them, that this release shall be complete and shall not be subject to any claim of mistake of fact or law by the Releasors, and that it expresses a full and complete settlement of liability claimed and denied; and that this release is intended to be full, final and complete.

C. As part of the consideration for the payments to Releasors of the amounts hereinabove mentioned, Releasors are releasing all claims, including all those for known or unknown and anticipated or unanticipated injuries and damages. Releasors recognize and acknowledge that there is a risk that subsequent to the execution of this Full Release and Settlement Agreement, Releasors will claim or suffer monetary or other loss, damage, injury or any of these which are in some way caused by or related to the Incident, but which are unknown and unanticipated at the time this Full Release and Settlement Agreement is signed; and further, that there is a risk that the damages presently known may be or may become more extensive than Releasors now expect or anticipate. Releasors accept the above-mentioned risk, and this Full Release and Settlement Agreement shall apply to all unknown and unanticipated results of the Incident as well as those known and anticipated.

D. Releasors further understand and agree that they shall be responsible for the payment of any attorneys' fees and legal expenses (if any), as well as all past, present or future medical, hospital, health care, Medicare, Medicaid, insurance carrier, medical service organization, mental health care, and any other fees and expenses arising from and in connection with any matters related to the Incident, regardless of whether any of said fees and expenses were submitted to the Released Parties for payment.

E. Releasors agree to take all actions, at their expense, necessary to dismiss with prejudice the pending Complaint entitled *Catherine Foley v. Republic Airline, Inc., et al.*, Case No. 13-CV-00534-F, pending in United States District Court for the Eastern District of North Carolina and any other claims, proceedings, complaints or actions filed by or on behalf of Releasors against the Released Parties arising out of the Incident.

F.  Releasors acknowledge that they have had the opportunity to consult with their own legal counsel with regard to the matters arising out of the Incident and this Full Release and Settlement Agreement. Releasors attest that they have read and understand the content and legal effect of this Full Release and Settlement Agreement and have freely executed it.

G.  Releasors and the Released Parties further agree that this Full Release and Settlement Agreement shall be confidential and that they will not disclose the content of any terms of this Full Release and Settlement Agreement to anyone except as necessary for tax reporting purposes or as otherwise required by law.

H.  All parts of this Full Release and Settlement Agreement are separate and severable from each other. Should any part of this Full Release and Settlement Agreement be deemed or declared to be invalid or illegal, Releasors and the Released Parties agree that the validity of other parts or the remainder of this Full Release and Settlement Agreement shall not be affected thereby.

I.  Releasors represent and warrant that they have sole authority to enter into this agreement and have not assigned, subrogated, or otherwise transferred their rights to any other individual or entity.

Dated this 29 day of March, 2014.

_____
CATHERINE FOLEY

WITNESS:
STATE OF NC )
COUNTY OF Wake ) SS

I, Catherine A. Foley, a Notary Public in and for said County in the State aforesaid, do hereby certify that CATHERINE FOLEY, who is personally known to me to be the same persons whose names are subscribed to the foregoing instrument appeared before me this day in person and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth.

My seal:

[Notary seal: FELICIA FORBES, My Commission Expires 01/17/2017, NOTARY PUBLIC, WAKE COUNTY, NC]

_____
Felicia Forbes

  F. Releasors acknowledge that they have had the opportunity to consult with their own legal counsel with regard to the matters arising out of the Incident and this Full Release and Settlement Agreement. Releasors attest that they have read and understand the content and legal effect of this Full Release and Settlement Agreement and have freely executed it.

  G. Releasors and the Released Parties further agree that this Full Release and Settlement Agreement shall be confidential and that they will not disclose the content of any terms of this Full Release and Settlement Agreement to anyone except as necessary for tax reporting purposes or as otherwise required by law.

  H. All parts of this Full Release and Settlement Agreement are separate and severable from each other. Should any part of this Full Release and Settlement Agreement be deemed or declared to be invalid or illegal, Releasors and the Released Parties agree that the validity of other parts or the remainder of this Full Release and Settlement Agreement shall not be affected thereby.

  I. Releasors represent and warrant that they have sole authority to enter into this agreement and have not assigned, subrogated, or otherwise transferred their rights to any other individual or entity.

Dated this 29 day of March, 2014.

_Catherine Foley_
CATHERINE FOLEY

WITNESS:
STATE OF NC )
       ) SS
COUNTY OF Wake )

I, Catherine A. Foley, a Notary Public in and for said County in the State aforesaid, do hereby certify that CATHERINE FOLEY, who is personally known to me to be the same persons whose names are subscribed to the foregoing instrument appeared before me this day in person and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth.

_Felicia Forbes_

My seal: [Notary Seal: FELICIA FORBES, NOTARY PUBLIC, WAKE COUNTY, NC, My Commission Expires 01/17/2017]

**Full Release and Settlement Agreement**
Page 2 of 3

pending or subsequently initiated or asserted suits, claims, judgments, liens, costs or expenses of any kind, including attorneys' fees, including, but not limited to, contribution, and/or indemnification by any other person or organization (or for subrogation by an insurer of such person or organization) on account of judgment, assertion or settlement of any claim asserted by or on behalf of the Releasors as a result of the injuries or damages allegedly sustained by the Releasors and arising out of the Incident. Releasors agree that all liens and debts have been or will be satisfied from the proceeds of this settlement.

IN FURTHER CONSIDERATION OF the payments and mutual covenants set forth in this Full Release and Settlement Agreement, the parties agree as follows:

A. The parties acknowledge that this settlement has been agreed to solely for the purpose of compromising disputed claims, and any payments made pursuant to this settlement are not to be construed as an admission of liability.

B. Releasors understand and agree that the payments specifically identified and set forth herein are the entire and only consideration for this Full Release and Settlement Agreement, and it is intended by Releasors and the Released Parties, and each of them, that this release shall be complete and shall not be subject to any claim of mistake of fact or law by the Releasors, and that it expresses a full and complete settlement of liability claimed and denied; and that this release is intended to be full, final and complete.

C. As part of the consideration for the payments to Releasors of the amounts hereinabove mentioned, Releasors are releasing all claims, including all those for known or unknown and anticipated or unanticipated injuries and damages. Releasors recognize and acknowledge that there is a risk that subsequent to the execution of this Full Release and Settlement Agreement, Releasors will claim or suffer monetary or other loss, damage, injury or any of these which are in some way caused by or related to the Incident, but which are unknown and unanticipated at the time this Full Release and Settlement Agreement is signed; and further, that there is a risk that the damages presently known may be or may become more extensive than Releasors now expect or anticipate. Releasors accept the above-mentioned risk, and this Full Release and Settlement Agreement shall apply to all unknown and unanticipated results of the Incident as well as those known and anticipated.

D. Releasors further understand and agree that they shall be responsible for the payment of any attorneys' fees and legal expenses (if any), as well as all past, present or future medical, hospital, health care, Medicare, Medicaid, insurance carrier, medical service organization, mental health care, and any other fees and expenses arising from and in connection with any matters related to the Incident, regardless of whether any of said fees and expenses were submitted to the Released Parties for payment.

E. Releasors agree to take all actions, at their expense, necessary to dismiss with prejudice the pending Complaint entitled *Catherine Foley v. Republic Airline, Inc., et al.*, Case No. 13-CV-00534-F, pending in United States District Court for the Eastern District of North Carolina and any other claims, proceedings, complaints or actions filed by or on behalf of Releasors against the Released Parties arising out of the Incident.

F.   Releasors acknowledge that they have had the opportunity to consult with their own legal counsel with regard to the matters arising out of the Incident and this Full Release and Settlement Agreement. Releasors attest that they have read and understand the content and legal effect of this Full Release and Settlement Agreement and have freely executed it.

G.   Releasors and the Released Parties further agree that this Full Release and Settlement Agreement shall be confidential and that they will not disclose the content of any terms of this Full Release and Settlement Agreement to anyone except as necessary for tax reporting purposes or as otherwise required by law.

H.   All parts of this Full Release and Settlement Agreement are separate and severable from each other. Should any part of this Full Release and Settlement Agreement be deemed or declared to be invalid or illegal, Releasors and the Released Parties agree that the validity of other parts or the remainder of this Full Release and Settlement Agreement shall not be affected thereby.

I.   Releasors represent and warrant that they have sole authority to enter into this agreement and have not assigned, subrogated, or otherwise transferred their rights to any other individual or entity.

Dated this 29 day of March, 2014.

_____
CATHERINE FOLEY

WITNESS:

STATE OF NC      )
                 ) SS
COUNTY OF Wake   )

I, Catherine A. Foley, a Notary Public in and for said County in the State aforesaid, do hereby certify that CATHERINE FOLEY, who is personally known to me to be the same persons whose names are subscribed to the foregoing instrument appeared before me this day in person and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth.

_____
Felicia Forbes

My seal: [FELICIA FORBES NOTARY PUBLIC, WAKE COUNTY, NC — My Commission Expires 01/17/2017]